CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
July 08, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
      DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTICT OF VIRGINIA
Abingdon Division

**FAUSTINO REYES LIZAMA,**

    *Plaintiff*,

v.                                           Civil Action File No. 1:25cv38
                                             **JURY TRIAL DEMANDED**

**OLEKSANDR LEVCHENKO**
**Serve:** Office of the Secretary of the Commonwealth
       Service of Process Department
       1111 E. Broad St. #4
       Richmond, VA 23218-2452

**HAULBEAT TRANS LLC,**
**Serve:** Office of the Secretary of the Commonwealth
       Service of Process Department
       1111 E. Broad St. #4
       Richmond, VA 23219

**and**

**SKF TRUCKING LLC**
**Serve:** Office of the Secretary of the Commonwealth
       Service of Process Department
       1111 E. Broad St. #4
       Richmond, VA 23219

    *Defendants.*

## COMPLAINT

COMES NOW the Plaintiff, Faustino Reyes Lizama, by counsel and files this Complaint against Defendants, Oleksandr Levchenko, Haulbeat Trans LLC, and SKF Trucking LLC, seeking judgment, jointly and severally, for compensatory damages, with interest from August 24, 2023, for personal injuries he sustained on that date. In support of his Complaint, the Plaintiff states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Faustino Reyes Lizama (hereinafter Lizama) currently resides at 13313 Bohemian Hall Road, Crosby, Texas 77532.

2. Defendant Oleksandr Levchenko (hereinafter "Levchenko") was, at all relevant times, a citizen of the State of Washington, with a last known address of 7012 S. 12th Street, Apt. 2501, Tacoma, WA 58465.

3. At the time of the acts described herein, Levchenko was employed by Defendant Haulbeat Trans LLC (hereinafter "Haulbeat Trans LLC"),

4. At the time of the acts described herein, Levchenko was an agent of Haulbeat Trans LLC.

5. Haulbeat Trans LLC is a foreign entity with its principal place of business at 5534 Saint Joe Road, Fort Wayne, Indiana 46835-3328.

6. At the time of acts described herein, Levchenko was employed by Defendant SKF Trucking LLC (hereinafter "SKF Trucking").

7. At the time of the acts described herein, Levchenko was an agent of SKF Trucking.

8. SKF Trucking is a foreign entity with its principal place of business at 6709 Raymond Rd., Ste 113, Madison, WI 53719.

9. In the alternative, SKF Trucking is a foreign entity with its principal place of business at 40662 Harmon Dr., Sterling Heights, Michigan 48310-1977.

10. At the time of the acts described herein, Levchenko was acting in the scope of his employment with Haulbeat Trans LLC.

11. At the time of the acts described herein, Levchenko was acting in the course of his agency with Haulbeat Trans LLC.

12. At the time of the acts described herein, Levchenko was acting in the scope of his employment with SKF Trucking.

13. At the time of the acts described herein, Levchenko was acting in the scope of his agency with SKF Trucking.

14. Haulbeat Trans LLC is vicariously liable for Levchenko's tortious conduct described in this Complaint.

15. SKF is vicariously liable for Levchenko's tortious conduct described in this Complaint

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

17. Venue is proper in this Court because the tortious acts and omissions complained of herein occurred in Wythe County, Virginia.

## FACTUAL BACKGROUND

18. On or about August 24, 2023, Plaintiff was parked in the parking lot located in Wythe County, Virginia.

19. At that time and place, Plaintiff was asleep in the sleeper cab of his trailer.

20. At the same time, Defendant Levchenko was also in the parking lot in a trailer owned and entrusted to him by Haulbeat Trans LLC.

21. At that time and place, Defendant Levchenko was operating a commercial motor vehicle (hereinafter, "Commercial Motor Vehicle" or "CMV").

22. At that time and place, Defendant Levchenko reversed the Commercial Motor Vehicle and struck Plaintiff's trailer.

23. The force of the collision caused Plaintiff to be forcibly ejected from the sleeper cab.

24. As a result of said collision, Plaintiff sustained bodily injuries and property damage.

## COUNT ONE - NEGLIGENCE

25. Plaintiff repeats and realleges his prior allegations as if set forth herein.

26. At all material times, Defendant Levchenko owed a duty to Plaintiff to exercise reasonable care in the operation of the CMV.

27. Defendant Levchenko breached that duty in that he, among other acts and omissions:

   a. Failed to keep a proper lookout when a reasonable person of ordinary prudence would not have so failed under the same or similar circumstances.

   b. Failed to keep an assured clear distance.

   c. Failed to stop in a timely manner.

   d. Failed to operate his vehicle as an ordinary prudent person would have.

   e. Failed to exercise reasonable care under the circumstances then and there existing.

28. In addition to being vicariously liable for the acts and/or omissions of its/their driver, at all material times, Defendants Haulbeat Trans LLC and SKF Trucking had a duty to exercise reasonable care in the hiring and retention of CMV drivers who were properly qualified and trained and who complied with relevant laws, regulations, and industry standards, a duty to properly maintain and service their CMVs to ensure that they met the relevant standards and were safe to be operated, a duty not to entrust their CMVs to unfit drivers, and a duty not to entrust their drivers with CMVs that were unfit for safe operation.

29. As a proximate and direct result of Defendants' negligence, Mr. Lizama suffered serious and permanent injuries.

30.     Defendants' negligent acts and omissions as described herein proximately caused serious and permanent physical injury to Lizama, as set forth below.

## COUNT TWO – NEGLIGENCE PER SE

31.     Plaintiff repeats and realleges his prior allegations as if set forth herein.

32.     At all material times, Defendants were subject to the laws of the Commonwealth of Virginia as well as the regulations and standards imposed by Federal Motor Carrier Safety Act (FMCSA).

33.     At all material times, Virginia Code § 46.2-853 required Defendant Levchenko to drive the CMV with proper control.

34.     At all material times, Virginia Code § 46.2-861 required Defendant Levchenko to operate the CMV with reasonable speed under the circumstances and traffic conditions existing at the time, regardless of any posted speed limit.

35.     At all material times, when Defendant Levchenko was operating the CMV in Virginia, 49 C.F.R. § 392.2 required Defendants to operate the CMV in accordance with Virginia's laws, ordinances, and regulations, and to comply with the FMCSA's regulations, if the FMCSA's regulations imposed a higher standard of care than Virginia's laws, ordinances, or regulations.

36.     At all relevant times, 49 C.F.R. § 383.111 required Defendant Levchenko to have knowledge of general areas pertaining to the safe operation of a CMV including safe operations regulations, safe vehicle control systems, CMV safety control systems, basic control, shifting, backing, visual search, communication, speed management, space management, night operation, hazard perceptions, emergency maneuvers, and fatigue and awareness.

37. At all material times, the Virginia Code and FMCSA imposed other duties upon the Defendants pertaining to the safe operation of the CMV and the hiring, training, and retention of properly qualified CMV drivers.

38. Plaintiff is a member of the class of people for whom the aforesaid traffic laws and regulations were enacted.

39. Defendants failed to comply with these and other traffic laws and regulations of the Commonwealth of Virginia and the Federal Motor Carrier Safety Act.

40. The aforesaid violations, acts, and omissions constitute negligence per se.

41. As a proximate and direct result of Defendants' negligence per se, Mr. Lizama suffered serious and permanent injuries.

42. Defendants' negligent acts and omissions as described herein proximately caused serious and permanent physical injury to Lizama, as set forth below.

## DAMAGES

43. Plaintiff repeats and realleges his prior allegations as if set forth herein.

44. As a direct and proximate cause of Defendants' negligence, Plaintiff Faustino Reyes Lizama has sustained serious and painful injuries which are or may be permanent; he has suffered physical pain, discomfort and mental anguish, and these will or may continue in the future; he has incurred substantial expenses for doctors and related medical care, and in the future he will or may continue to incur such expenses in an effort to be cured and healed; he has missed time from work, and in the future he will or may continue to lose time from work; he will or may lose income and earning capacity as well as other benefits such as his job as a commercial truck driver; he has sustained scarring; and he has been unable to perform all of the requirements of daily living

or enjoy the normal activities of life, and will or may continue to be unable to perform all of these activities in the future.

45. In addition to the compensatory damages awarded by the jury, the Plaintiff is entitled to recover, pursuant to Section 8.01-382 of the Code of Virginia, interest at the statutory rate thereon from August 24, 2023.

WHEREFORE, Plaintiff Faustino Reyes Lizama demands judgment against Defendants Oleksandr Levchenko, Haulbeat Trans LLC and SKF Trucking LLC, jointly and severally, for his sustained personal injuries, with interest at the statutory rate from August 24, 2023, and his costs in this behalf expended.

**TRIAL BY JURY IS DEMANDED.**

    FAUSTINO REYES LIZAMA
    By Counsel

    /s/ Ashley T. Davis
    J. Gregory Webb, Esquire (VSB No. 38157)
    Ashley T. Davis, Esquire (VSB No. 68078)
    MICHIEHAMLETT PLLC
    310 4th Street NE, 2nd Floor
    Charlottesville, Virginia 22902
    Phone: (434) 951-7200 (Mr. Webb)
    Facsimile: (434) 951-7257 (Mr. Webb)
    Phone: (434) 951-7277 (Ms. Davis)
    Fax: (434) 951-7251 (Ms. Davis)
    Email: gwebb@michiehamlett.com
    Email: adavis@michiehamlett.com

    *Counsel for Plaintiff*