CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
February 09, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **FAUSTINO REYES LIZAMA,** | )<br>) |
| Plaintiff, | ) Case No. 1:25CV00038<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **OLEKSANDR LEVCHENKO, et al.,** | ) JUDGE JAMES P. JONES<br>) |
| Defendants. | )<br>) |

*Ashley T. Davis*, MICHIEHAMLETT PLLC, Charlotteville, Virginia, for Plaintiff; *Brian J. Brydges*, JOHNSON, AYERS & MATTHEWS, P.L.C., Roanoke, Virginia, for Defendants.

In this diversity jurisdiction personal injury case, the plaintiff claims that while he was asleep in the cab of his tractor-trailer truck in a parking lot, the defendant truck driver negligently backed his truck into the plaintiff's, causing plaintiff severe injuries as well as property damage. Liability is also asserted against the defendant driver's employer. After filing an Answer, the defendants have filed a Motion for Judgment on the Pleadings, which has been fully briefed and orally argued by the parties. For the reasons that follow, I will deny the motion except that I will strike certain allegations of the Complaint.

I.

In his Complaint, the plaintiff asserts two Counts. Count One alleges common law negligence by the defendant driver (and vicarious liability by his employer) and

Count Two charges negligence per se, relying on provisions of Virginia statutes and regulations and the Federal Motor Carrier Safety Act.[1]  Compl. ¶¶ 25–29; 31–42, Dkt. No. 1.

Rule 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A Rule 12(c) motion differs from a motion under Rule 12(b)(6) in that the court may consider the pleadings as a whole, including an answer filed by a defendant.  And like Rule 12(b)(6), it challenges the legal sufficiency of the complaint, including the plausibility standard imposed by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II.

In their motion here, the defendants seek judgment on the following grounds:

(1) *The Complaint alleges claims of negligent hiring, retention, entrustment and training of the defendant driver without factual support.*  While the plaintiff now disclaims any present intent to assert such claims, the Complaint speaks otherwise, and I will strike all such assertions from the Complaint;[2]

---

[1] Negligence per se defines the conduct of a "reasonable person" by a violation of an applicable statute or regulation enacted for public safety.  *McGuire ex rel. Estate of McGuire v. Hodges*, 639 S.E. 2d 284, 288 (Va. 2007).

[2] The rules permit the court sua sponte to strike from a pleading an "immaterial" matter.  Fed. R. Civ. P. 12(f)(1).

 (2) *The statutory per se standards set forth in Count Two of the Complaint do not apply since the plaintiff has not alleged facts showing that the parking lot where the accident occurred was considered to be a "highway" in that it had unrestricted access to the public for vehicular travel.* However, while the plaintiff may have to prove those characteristics later in the case, *see Caplan v. Bogard,* 563 S.E. 2d 719, 723 (Va. 2002), I find that the Complaint adequately complies with the notice and plausibility federal pleading standards by referring to the location of the accident as a "parking lot." Compl. ¶ 18, Dkt. No. 1.; and

 (3) *The factual allegations of the Answer filed by the defendants entitle the defendants to judgment on the ground of the plaintiff's contributory negligence because the plaintiff has not contested those facts.* While it is true that on a Rule 12(c) motion, an answer may be considered as well as the complaint, "[t]he test applicable for judgment on the pleadings is whether or not, when viewed in the light most favorable to the party against whom the motion is made, genuine issues of material fact remain or whether the case can be decided as a matter of law." *Smith v. McDonald*, 562 F. Supp. 829, 842 (M.D.N.C. 1983). Because the plaintiff was not required by the rules to respond to the Answer, all allegations contained therein are considered denied or avoided. Fed. R. Civ. P. 8(b)(6); *Alexander v. City of Greensboro*, 801 F. Supp. 2d 429, 433 (M.D.N.C. 2011).

III.

For these reasons, it is **ORDERED** that the Motion for Judgment on the Pleadings, Dkt No. 20, is DENIED, except that all assertions of negligence in hiring, retention, entrustment and training are stricken from the Complaint.

The parties are directed to confer and file a Rule 26(f) Report within 14 days of this date.

ENTER:  February 9, 2026

/s/  JAMES P. JONES
Senior United States District Judge